[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
CT Page 11033
The plaintiff, Jay Chadwick, brought this action against the defendant, St. Paul Guardian Insurance Company. In the first count of the revised complaint, the plaintiff seeks underinsured motorist benefits from the defendant. In the second count, the plaintiff alleges a violation of the Connecticut Unfair Insurance Practices Act ("CUIPA"), General Statutes § 38a-316(6). The third count sounds in breach of the implied covenant of good faith and fair dealing. The fourth count alleges a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes § 42-110a, et seq.
The defendant moves to strike the second count of the plaintiffs revised complaint, and the corresponding portions of the prayer for relief, on the ground that it "is legally insufficient because the plaintiff does not have a private right of action under CUIPA." "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc.v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998).
The second count of the revised complaint sounds in a violation of CUIPA. "The Connecticut Supreme Court to date has not determined whether CUIPA provides for a private right of action. Superior Court decisions have long been divided on the issue." Stabile v. Southern Connecticut Hospital Systems, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326120 (Oct. 31, 1996, Levin, J.) (18 Conn. L. Rptr. 167).
Regardless, in this case, the doctrine of the "law of the case" applies because Judge Lewis already ruled on that motion and his decision should not be disturbed. "The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked. . . . In essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. . . . Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that issue as correctly decided, in the absence of some new or overriding circumstances." (Citations omitted.) Breen v. Phelps,186 Conn. 86, 99, 439 A.2d 1066 (1982). CT Page 11034
Here, the court, Lewis, J., already granted the defendant's motion to strike the CUIPA count, holding that "CUIPA does not provide for a private cause of action." That being the law of the case, this court hereby grants the defendant's present motion to strike the second count and the corresponding portions of the prayer for relief.
So Ordered.
D'ANDREA, J.